IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:23-cr-30142-DWD |
| | ) |
| ANTHONY L. WAYT, | ) |
| | ) |
| Defendant. | ) |

### ORDER DENYING THE EARLY TERMINATION OF SUPERVISED RELEASE

**DUGAN, District Judge:**

Before the Court is Defendant's Motion for the Early Termination of his Supervised Release, which was filed through the Federal Public Defender. (Doc. 6). The Government filed a Response in Opposition to that Motion, as ordered by the Court. (Docs. 7 & 8). For the reasons explained below, Defendant's Motion is **DENIED**.

On June 18, 2024, a grand jury in the Eastern District of Missouri returned a two-count Indictment against Defendant for the possession of child pornography under 18 U.S.C. § 2252A(a)(5)(B). *U.S. v. Wayt*, No. 14-cr-199-JAR, Doc. 2 (E.D. Mo. June 18, 2024). On November 20, 2014, he pled guilty to Count 1 of the Indictment. *Id*. at Doc. 32. Count 2 of the Indictment was held in abeyance until the Sentencing Hearing. *Id*. At the Sentencing Hearing, which was held on February 26, 2015, Defendant was sentenced to 28 months of imprisonment and 120 months of supervised release on Count I. *Id*. at Doc. 48. Count 2 of the Indictment was dismissed on the Government's Motion. *Id*. at Doc. 46.

On November 22, 2023, jurisdiction over Defendant's supervised release, which began on June 2, 2017, was transferred to this Court. (Docs. 1; 6, pg. 2). On June 4, 2025, Defendant filed the instant Motion. (Doc. 6). To support that Motion, Defendant notes, as of June 2, 2025, he completed 80% of his supervised release. (Doc. 6, pg. 2). He also argues the factors contained in 18 U.S.C. § 3553(a) mitigate in favor of an early termination of supervised release. (Doc. 6, pg. 3). Defendant specifically argues: (1) he "lives with his parents (both of whom are 85-years-old), and assists them however possible"; (2) he "has long-since paid the financial portion of his sentence in full"; and (3) he "has not only maintained employment, but has done so for the same employer (B&D Machine Works in Marissa) since 2012 - interrupted only by his time in the Bureau of Prisons." (Doc. 6, pg. 3). Defendant adds that "[h]is employer valued [him] enough to hold his position for him, and to rehire him at the start of his supervised release." (Doc. 6, pg. 3).

However, Defendant acknowledges the Government opposes a termination of his supervised release in light of the position of the U.S. Probation Office, stating:

> United States Probation Officer Sheryll Vilcinskas has reiterated that her office's policy precludes recommending early termination of supervised release for a sex offender. She added, "Mr. Wayt works full time and has throughout supervision. He has good supports including his parents, coworkers/friends, and his ex-wife and adult daughter." She also noted the following issues:
>
> (a) He installed a cleaner application in 2021, contrary to the requirements for monitoring his Internet-capable devices;
>
> (b) He purchased a back-up camera, which is prohibited since it is a recording device; and
>
> (c) He traveled out of our District to the Northern District of Illinois in 2023, without obtaining prior approval.

(Doc. 6, pg. 2).

In its Response, the Government notes Defendant completed sex offender treatment in August 2019. (Doc. 8, pg. 2). However, "[b]ased on the nature of his offense, the Government is particularly concerned that [Defendant] installed a cleaner application in 2021 and purchased a back-up camera that was capable of recording." (Doc. 8, pg. 2). For those reasons, it opposes the early termination of Defendant's supervised release.

Now, Defendant's Motion is governed by 18 U.S.C. § 3583(e)(1), which provides:

> The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)… terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).

Here, Defendant has completed more than a year of supervised release. *See id.* However, the Court agrees with the concerns identified by the Government and the U.S. Probation Office. The conduct identified—*i.e.*, that Defendant installed a cleaner application and purchased a recording device during his supervised release—are especially troubling in light of the nature and circumstances of his possession of child pornography offense and the need for the sentence imposed to reflect the seriousness of that crime. *See* 18 U.S.C. § 3553(a)(1), (2)(A). It is also notable, for purposes of Defendant's history and characteristics, the initial conduct, at least, was committed after he completed his sex offender treatment in August 2019. *See id.* at § 3553(a)(1). And, while

3

not directly related to the specific offense at issue, Defendant also showed a disregard for the terms of his supervised release when, in 2023, he traveled out of the Southern District of Illinois without the prior approval of the Court. Further, in light of the above-discussed conduct, there can be no doubt that continuing Defendant's supervised release will afford adequate deterrence to criminal conduct and ensure the protection of the public from further crimes of the sort at issue. Finally, while the record reflects that Defendant has good familial support, and is to be commended for maintaining consistent employment, the continuation of his supervised release will further those benefits.

In light of the Court's application of these factors, and the other factors listed in § 3583(e)(1), it is not satisfied that the conduct of Defendant and the interests of justice warrant an early termination of supervised release. *See* § 3583(e)(1); *see also U.S. v. George*, 534 F. Supp. 3d 926, 927 (N.D. Ill. 2021) ("Early termination of supervised release is not an entitlement. Instead, '[t]he defendant bears the burden of demonstrating that early termination is warranted.' "); *U.S. v. Branscumb*, No. 9-cr-10023, 2019 WL 6501208, *3 (C.D. Ill. Nov. 12, 2019) ("Generally, the conduct of a defendant must establish more than simply successfully complying with the terms of his supervision, for if this were simply enough, nearly every defendant who avoided revocation would be eligible for early termination. [Citation]. Rather, a defendant should demonstrate exceptionally good behavior or unforeseen circumstances warranting the early termination.") (collecting cases). For these reasons, the Court declines to order that relief and, instead, **DENIES** Defendant's Motion for the Early Termination of Supervised Release. Finally,

since the Court is not modifying the supervised release, no hearing is necessary under Federal Rule of Criminal Procedure 32.1(c). *See* Fed. R. Crim. P. 32.1(c).

**SO ORDERED.**

Dated: June 25, 2025

*s/ David W. Dugan*
DAVID W. DUGAN
United States District Judge